14-3571-ag
Yulan Li v. Lynch

BIA
Hom, IJ
A098 466 947

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of June, two thousand sixteen.

PRESENT: RENNA RAGGI,
　　　　　GERARD E. LYNCH,
　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　　*Circuit Judges.*
_____

YULAN LI,
　　　　　*Petitioner,*

　　　　　v.　　　　　　　　　　　　　　　　14-3571-ag
　　　　　　　　　　　　　　　　　　　　　　NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
　　　　　*Respondent.*
_____

FOR PETITIONER: 　　　　Jim Li, Esq., Flushing, New York.

FOR RESPONDENT: 　　　　Benjamin C. Mizer, Acting Assistant
　　　　　　　　　　　　Attorney General; Mary Jane Candaux,
　　　　　　　　　　　　Assistant Director; Nicole J.
　　　　　　　　　　　　Thomas-Dorris, Trial Attorney;
　　　　　　　　　　　　Meaghan L. McGinnis, Law Clerk,

Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Yulan Li, a native and citizen of the People's Republic of China, seeks review of an August 26, 2014 decision of the BIA affirming a June 19, 2013 decision of an Immigration Judge ("IJ") denying Li's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Yulan Li,* No. A098 466 947 (B.I.A. Aug. 26, 2014), *aff'g* No. A098 466 947 (Immig. Ct. N.Y.C. June 19, 2013). We assume the parties' familiarity with the underlying facts and record of prior proceedings.

Under the circumstances of this case, we review the decisions of both the IJ and the BIA "for the sake of completeness."  *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006).  The applicable standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165–66 (2d Cir. 2008).

2

We lack jurisdiction to review the agency's pretermission of Li's asylum application as untimely, notwithstanding her claim of changed circumstances. *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D). While Li contends that the agency erred in rejecting her claim on the basis of the IJ's adverse credibility finding, she fails to raise a colorable legal challenge. *See* 8 U.S.C. § 1158(a)(2)(B),(D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008).

We reject on the merits, however, Li's challenge to the agency's denial of withholding of removal and CAT relief to the extent these claims are based on her fear of future persecution for mailing religious materials to China. Although an applicant may establish a well-founded fear of future persecution through uncorroborated testimony, if credible, *see* 8 U.S.C. §§ 1158(b)(1)(B)(ii), 1231(b)(3)(C), substantial evidence supports the agency's determination that Li was not credible. *See Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005) ("We afford particular deference in applying the substantial evidence standard when reviewing an IJ's credibility findings." (internal quotation marks omitted)).

The agency reasonably relied on Li's prior submissions of admittedly false applications for immigration relief in

evaluating her credibility in connection with this case. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007). Further, the agency was not compelled to credit Li's explanation that she did not know that her hired representatives had filed false applications on her behalf. Indeed, Li herself provided conflicting testimony in this regard, admitting at one point that she knew, at the time her previous asylum application was submitted, that it contained false information that she was a North Korean refugee. *See* Certified Administrative Record ("CAR") 117–19, 127, 170; *see also Xiu Xia Lin*, 534 F.3d at 166-67; *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

Having made its adverse credibility finding, the agency properly relied on Li's failure to provide credible corroborating evidence to rehabilitate her testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).[1] While Li contends that the agency was required to determine whether such evidence was reasonably available, the argument fails because this requirement applies only when the IJ or BIA cites inadequate corroboration "as a basis for denying relief to an application who is *otherwise credible*." *Xiao Ji Chen v. U.S.*

---

[1] We defer—as we must—to the agency's decision to afford "very little evidentiary weight" to the unsworn letters from Li's son and friend. CAR 55; *see Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013).

*Dep't of Justice*, 471 F.3d 315, 341 (2d Cir. 2006) (alteration omitted)(emphasis in original). In any event, Li's claim that corroborative evidence was unavailable is substantially undermined by her testimony that she had mailed the religious materials at issue as recently as that month. CAR 85.

Accordingly, Li's challenge to the agency's denial of withholding of removal and CAT relief on the basis of her religious mailings fails on the merits. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).[2]

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.

<pre>
                          FOR THE COURT:
                          Catherine O'Hagan Wolfe, Clerk of Court
</pre>

---

[2] Li has not challenged the agency's denial of withholding of removal and CAT relief to the extent such claims were based on her fear of persecution due to her current religious practice. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005) (deeming such claims abandoned). Thus, we do not consider them here.